John A. Karol, Esq.
The Richard L. Rosen Law Firm, PLLC
110 East 59th Street, 23rd Floor
New York, New York 10022
Tel (212) 644-6644
Fax (212) 644-3344
jak@rosenlawpllc.com
*Pro Hac Vice Attorney for Plaintiffs*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (WORCESTER)**

---

| | |
|---|---|
| In re: | Chapter 7 |
| Kerry J. Miller and Claudia R. Miller, | Case No. 14-40073 |
| Debtors. | Hon. Melvin S. Hoffman |
| Schwartzco Enterprises, LLC, The Meat House – New York, LLC, The Meat House – Roslyn, LLC, and Arnold M. Schwartz, | Adv. Pro. No. 14-04035 |
| Plaintiffs, | **Certification of Counsel, Joint Report, and Proposed Scheduling Plan** |
| -against- | |
| Kerry J. Miller, | |
| Defendant. | |

Plaintiffs Schwartzco Enterprises, LLC, The Meat House – New York, LLC, The Meat House – Roslyn, LLC, and Arnold M. Schwartz ("Plaintiffs"), and Defendant Kerry J. Miller ("Defendant"), collectively the "Parties," by their respective undersigned counsel, and pursuant to Fed. R. Civ. P. ("FRCP") 26(f), Local Civil Rule 16.1, and the 6/10/14 Order of the Court as amended (Dkt. Nos. 13, 22 and 23) jointly certify and report as follows:

1

**Certification of The Parties' FRCP 26(f) Conference**

Due to *inter alia* scheduling issues, and miscommunication, the Parties did not have their FRCP 26(f) conference until today (8/22/14). Fortunately, the Parties were able to confer, and discuss the matter at length.

In compliance with their FRCP 26(f), and Local Rule 16.1 obligations, the Parties discussed *inter alia* the following: (a) the nature and basis of their claims and defenses (b) the possibilities for promptly settling or resolving the case (and determined that a key piece of information that the Parties need is whether or not there is insurance coverage that may be applied to Plaintiffs' claims), (c) the disclosures required by Rule 26(a)(1) (See below) (d) issues concerning preserving discoverable information (including e-mails in the possession of the Parties, and noted that much of the information in the form of documents may reside in the possession custody or control of Defendant's former employer), and (e) a proposed discovery plan (See below).

**The Status of Initial Disclosures**

Plaintiffs made their FRCP 26(a) Initial Disclosures on 8/21/14, along with over 1000 pages of production. However, as additional facts and witness information becomes available, and after discussing the matter further amongst counsel, these disclosures will need to be supplemented.

Defendant has had complications making his FRCP 26(a) Initial Disclosures. Defendant needs information from his former employer, which may or may not have ceased business. As a practical matter, one of the most important aspects of Defendant's Initial Disclosures may be whether there is applicable insurance coverage in place (which must be disclosed under FRCP

2

26(a)(1)(A)(iv)), and Defendant needs more time to ascertain whether a policy exists (which, as noted above, is complicated by the fact that Defendant's former employer may have closed its business operations).

Under these circumstances, the Parties mutually agree and stipulate that Defendant should have an additional two weeks, through and until September 5, 2014, for Defendant to make his initial disclosures.

**Proposed Discovery Plan**

The Parties, after conferring, propose the following discovery plan and pretrial schedule:

- Defendant shall make his initial disclosures on or before 9/5/14;
- The first round of document requests and interrogatories shall be served by 9/12/14;
- Responses to the first round of document requests and interrogatories shall be served by 10/17/14;
- The Parties shall make any amendments to the pleadings on or before 10/31/14;
- The completion of depositions, including, if applicable, the terms for taking and using videotape depositions; shall be no later than Dec. 30, 2014;
- The close of fact discovery shall be 1/16/15;
- The identification of a Party's "direct" trial expert(s) shall be on or before 1/16/15;
- The identification of a Party's "counter" trial expert (retained to rebut a Party's direct trial expert(s)) shall be on or before 1/30/15;
- Any expert report(s) for a Parties' "direct" expert(s) shall be produced on or before 1/30/15;
- Any expert report(s) for a Parties' "counter" expert(s) shall be produced on or before 2/13/15;
- Depositions of experts shall be conducted on or before 2/27/15;
- Dispositive Motions shall be made on or before January 30, 2015, except if relevant expert testimony is necessary to bring or oppose the Dispositive Motion, in which case it must be brought on or before 3/6/14.
- The Joint Pre-Trial Memorandum shall be due on or before 3/27/14.

The proposed schedule, above, contemplates a bifurcated discovery schedule, whereby expert discovery would follow regular fact discovery.

Counsel notes that many of the relevant documents and information in this litigation may need to be obtained by third-party subpoena. The former employer of Defendant (as discussed

3

between counsel) may be closed or "out of business," and Counsel does not yet know where the computer information of the former employer is stored, or how third party discovery may be obtained from the former employer. As these factors may make it difficult to obtain information and discovery in the normal course, the Parties may need to seek to amend the above-referenced schedule as is reasonably necessary to acquire third-party discovery.

**Estimated Length of Trial**

As the matter is still in the beginning stages, it is difficult to ascertain the length of trial, but the Parties submit that a reasonable estimate is 5 days.

By:   ___/s/___John Karol___  
     John A Karol, Esq.  
     The Richard L. Rosen Law Firm, PLLC  
     110 E. 59th Street, 23rd Floor  
     New York, NY 10022  
     212-644-6644  
     212-644-3344 (fax)  
     jak@rosenlawpllc.com  
     Pro Hac Vice Counsel for Plaintiffs

By:   ___/s/___Michael R. Levin___  
     Michael R. Levin, Esq.  
     Attorney Michael R. Levin  
     1500 Providence Highway, Suite 36  
     Norwood, MA 02062  
     781-255-1330  
     781-255-1300 (fax)  
     mrlbcy@hotmail.com  
     Counsel for Defendant

CC:   Lee Harrington, Esq. (via ECF)  
     *Local Counsel for Plaintiffs*